UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUZANNE WIMSATT** | * | CIVIL ACTION NO.: 22-cv-01012 |
|    **Plaintiff** | * | |
| | * | JUDGE: GREG G. GUIDRY |
| **VERSUS** | * | |
| | * | MAG. JUDGE: KAREN WELLS ROBY |
| **NIDAL JABER** | * | |
|    **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

**DEFENDANT'S ANSWER**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Nidal Jaber, ("Jaber" or "Defendant"), who hereby answers the Complaint filed by Plaintiff, Suzanne Wimsatt, as follows:

**1.**

The allegations contained in Paragraph 1 are denied for lack of sufficient information. Further, Defendant reserves the right to attack the existence of complete diversity once sufficient facts are adduced in discovery.

**2.**

It is admitted that Mr. Jaber is a person of the full age of majority and a domiciliary of Orleans Parish, State of Louisiana. It is denied that Mr. Jaber is in anyway liable to Plaintiff.

**3.**

The allegations contained in Paragraph 3 are denied for lack of sufficient information. Further, Defendant reserves the right to attack the existence of complete diversity once sufficient facts are adduced in discovery.

**4.**

The allegations contained in Paragraph 4 are admitted.

**5.**

The allegations contained in Paragraph 5 are denied as written, and to the extent they call for a legal conclusion as to whether the parties were "partners".

**6.**

The allegations contained in Paragraph 5 are denied as written, and further, to the extent it seeks any admission as to the contents of Exhibit "A", which is the best evidence of its own contents.

**7.**

The allegations contained in Paragraph 7 are denied as written, and to the extent they call for a legal conclusion as to whether the parties were "agreed to jointly purchase, renovate, and sell immovable property in New Orleans, Louisiana".

**8.**

The allegations contained in Paragraph 8 are denied.

**9.**

The allegations contained in Paragraph 9 are denied.

**10.**

The allegations contained in Paragraph 10 are denied as written and for lack of sufficient information.

**11.**

The allegations contained in Paragraph 11 are denied as written and for lack of sufficient information.

**12.**

The allegations contained in Paragraph 12 are denied as written and for lack of sufficient information.

**13.**

The allegations contained in Paragraph 13 are denied.

**14.**

The allegations contained in Paragraph 14 are denied.

**15.**

The allegations contained in Paragraph 15 are denied.

**16.**

The allegations contained in Paragraph 16 are denied as written.

**17.**

The allegations contained in Paragraph 17 are denied for lack of sufficient information.

**18.**

The allegations contained in Paragraph 18 are denied.

**19.**

The allegations contained in Paragraph 19 are denied.

**20.**

The allegations contained in Paragraph 20 are denied as written, and for lack of sufficient information.

**21.**

The allegations contained in Paragraph 21 are denied as written, and for lack of sufficient information.

**22.**

The allegations contained in Paragraph 22 are denied.

**23.**

The allegations contained in Paragraph 23 are denied as written, and further, to the extent

it seeks any admission as to the contents of Exhibit "A", which is the best evidence of its own contents.

**24.**

The allegations contained in Paragraph 24 are denied as written, and for lack of sufficient information.

**25.**

The allegations contained in Paragraph 25 are denied as written, and for lack of sufficient information.

**26.**

The allegations contained in Paragraph 26 are denied.

**27.**

The allegations contained in Paragraph 27 are denied as written, and for lack of sufficient information.

**28.**

The allegations contained in Paragraph 28 are denied.

**29.**

The allegations contained in Paragraph 29 are denied, and further denied to the extent they require a legal conclusion regarding fraud and/or as a vice of consent.

**30.**

The allegations contained in Paragraph 30 are denied, and further denied to the extent they require a legal conclusion regarding simulation.

**31.**

The allegations contained in Paragraph 31 are denied, and further denied to the extent they require a legal conclusion regarding the effect of a quitclaim.

**32.**

The allegations contained in Paragraph 32 are denied.

**33.**

The allegations contained in Paragraph 33 are denied, and further denied to the extent they require a legal conclusion regarding a breach of fiduciary duty, fraud and bad faith.

**34.**

The allegations contained in Paragraph 34 are denied, and further denied to the extent they require a legal conclusion regarding an unlawful alienation of immovable property, indivision ownership, fraud and bad faith.

**35.**

The allegations contained in Paragraph 35 are denied.

**36.**

The allegations contained in Paragraph 36 are denied, and further denied to the extent they require a legal conclusion.

**37.**

The allegations contained in Paragraph 37 are denied.

**38.**

The allegations contained in Paragraph 38 are denied, and further denied to the extent they require a legal conclusion as to fiduciary duty.

**39.**

The allegations contained in Paragraph 39 are denied, and further denied to the extent they require a legal conclusion.

**40.**

The allegations contained in Paragraph 40 are denied.

**41.**

The allegations contained in Paragraph 41 are denied, and further, to the extent it seeks any admission as to the contents of Exhibit "A", which is the best evidence of its own contents.

**42.**

The allegations contained in Paragraph 42 are denied, and further denied to the extent they require a legal conclusion.

**43.**

The allegations contained in Paragraph 43 are denied, and further denied to the extent they require a legal conclusion as to intentional breaches of fiduciary duties, intentional tortious misconduct, intentional unlawful distribution, conversion, fraud and bad faith.

**44.**

The allegations contained in Paragraph 44 are purely legal in nature and do not require an answer. To the extent an answer is required, the allegations contained in Paragraph 44 are denied.

**45.**

The allegations contained in Paragraph 45 are denied.

**46.**

The allegations contained in Paragraph 46 are denied, and further denied to the extent they require a legal conclusion as to fraud.

**47.**

The allegations contained in Paragraph 47 are denied.

**48.**

The allegations contained in Paragraph 48 are denied for lack of information as to when Plaintiff learned anything.

**49.**

The allegations contained in Paragraph 49 are denied for lack of information as to when Plaintiff learned anything.

**50.**

The allegations contained in Paragraph 50 are denied.

**51.**

The allegations contained in Paragraph 51 are denied.

**52.**

The allegations contained in Paragraph 52 are denied.

**53.**

The allegations contained in Paragraph 53 are denied, and further denied to the extent they require a legal conclusion as intentional breaches, and intentional conversion.

**54.**

The allegations contained in Paragraph 54 are denied.

**55.**

The allegations contained in Paragraph 55 are denied.

**56.**

The allegations contained in Paragraph 56 are denied for lack of sufficient information.

**57.**

The allegations contained in Paragraph 57 are denied for lack of sufficient information.

**58.**

The allegations contained in Paragraph 58 are denied.

**59.**

The allegations contained in Paragraph 59 are denied for lack of information.

**60.**

The allegations contained in Paragraph 60 are denied.

**61.**

The allegations contained in Paragraph 61 are denied, and further denied to the extent they require a legal conclusion as goodwill.

**62.**

The allegations contained in Paragraph 62 are denied, and further denied to the extent they require a legal conclusion as goodwill.

**63.**

The allegations contained in The Prayer for Relief are legal; in nature and do not require an answer. To the extent an answer is required, the allegations are denied.

64.

Defendant reserves the right to assert any and all applicable affirmative defenses.

**Respectfully submitted,**

\_\_\_s/ John O. Pieksen, Jr.\_\_\_
John O. Pieksen, Jr. (Bar # 21023)
Michael G. Bagneris (Bar # 2658)
Bagneris, Pieksen, & Associates, LLC
935 Gravier Street, Suite 2110
New Orleans LA 70112
Phone (504) 493-7990 | Fax (504) 493-7991
Email: pieksen@bpajustice.com
*Counsel for Defendant, Nadil Jaber*

## **CERTIFICATE OF SERVICE**

    I hereby certify that the above and foregoing was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Louisiana on August 2, 2022, via CM/ECF, electronic transmission and/or U.S Mail.

                                            ___s/ John O. Pieksen, Jr.___